96　323
150　500

96　323
167　481

# Detwiler's Appeal.

A voluntary assignment for the benefit of creditors does not impose upon the assignee any duty to let the real estate, and where an assignee permits the assignor to remain in possession and use the real estate he is not chargeable with the rental thereof.

November 16th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Appeal from the Court of Common Pleas, of Fayette county: Of October and November Term 1879, No. 368.

[Detwiler's Appeal.]

Appeal of John S. Detwiler, assignee for the benefit of creditors of Samuel Detwiler, from the decree of the court confirming the report of the auditor appointed to pass upon the exceptions to the account of said assignee.

On April 22d 1876, Samuel Detwiler executed a voluntary assignment of his real and personal estate to John S. Detwiler, in trust to sell, &c., for the benefit of the creditors of the assignor. When the assignment was made there were several judgments against the assignor, which were liens on the lands, and other judgment liens were obtained soon thereafter. The real estate assigned consisted of four farms, on one of which the assignor lived, and on which he had erected a grist and saw-mill. After the assignment he remained in possession of the farms and continued to run the mills and farm the land with the men in his employ. The assignee took no possession of the real estate and received no rent therefor. On the 3d of May 1878, two years after the assignment, none of the lands yet being sold, the assignee filed his account of the personal estate which he had received. Exceptions were filed thereto and an auditor, Daniel Downer, Esq., was appointed to pass thereon. He made a report wherein he surcharged the assignor with the sum of $2935, the estimated rents which the real estate and said mills would have produced had they been let. Exceptions were filed to this report, which the court dismissed, and confirmed the report in an opinion saying: "We do not see how the assignee can be relieved from liability for rents of the real estate conveyed to him in the deed of assignment, and included in the appraisement. If he permitted the assignee to remain in the actual occupancy of the real estate, using and enjoying the profits thereof, we must conclude that the assignor did so as the agent of the assignee, otherwise the assignee failed in the proper discharge of his duty in not taking possession of said real estate. He seems to have considered that the property was in his possession, as he paid the taxes on it, and also paid the insurance on the buildings; and for such payments he has been allowed a credit in his account."

From the decree of the court confirming this report this appeal was taken.

*Boyle & Mestrezat*, for appellant.—An assignee for the benefit of creditors is created for a certain purpose, and that is specified in the instrument that transfers to him the property. He receives the personal and real estate for the same purpose, that is, to sell and dispose of, and with the proceeds thereof to liquidate the claims against the assignor. He is not made a trustee to hold property assigned to him, and to rent it, but is the "hand only of the assignor, through which the latter distributes his property:" Wright *v.* Wigton, 5 W. N. C. 30 ; Fulton's Estate, 1 P. F. Smith 211.

[Detwiler's Appeal.]

He is like an executor with a naked power to sell: Estate of John Myers, 9 Phila. R. 310; Blight *v.* Wright, 1 Id. 549; Chew *v.* Nicklin, 9 Wright 87; Gump's Estate, 34 Leg. Int. 150.

*D. Kaine,* for appellees.—By the deed of assignment, the estate of Samuel Detwiler vested in the trustee immediately on its execution and delivery, and it was his duty to have taken possession of it. Six months afterwards he sold the personal property, and never did anything with the real estate, but allowed his brother to occupy and use it. If the assignee in this case did not take possession of the property as required of him by law, he must account for its value. It was his duty under the 34th section of the Act of June 16th 1836, Pamph. L. 737, to take the real estate into his possession. He should have applied to the court, under the Act of February 17th 1876, Pamph. L. 4, and obtained an order to sell.

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1881.

This contention relates to the liability of the appellant for rent of the real estate assigned to him for the benefit of creditors. In April 1876, Samuel Detwiler executed a voluntary assignment of his real and personal estate to the appellant in trust for the latter to sell and dispose of the same, and if any part thereof remained, after paying the debts of the assignor, to deliver over and reconvey the same to him. At the time the assignment was made there were several judgments against the assignor, which were liens on the lands assigned, and other judgment liens thereon to a large amount were obtained soon afterwards. The assignor retained possession of the real estate. The appellant took no possession thereof and received no rent therefrom. On settling his account of the personal estate which he had received exceptions were filed thereto, the main ones being for his not having charged himself with the value of the rents of the real estate. The court held him liable therefor and decreed accordingly. This is assigned for error.

The correctness of this decree must be ascertained by a consideration of the effect of the assignment and of the duty thereby imposed on the assignee.

It is well settled that a voluntary assignee is the mere representative of the assignor, enjoying his rights only and is bound where he would be bound. Neither he, nor the creditors for whom he holds the property in trust, are purchasers for value. They are not parties to the deed. They have not relinquished anything in compensation for the benefits of the trust. They have not agreed to look to the property assigned for the satisfaction of their claims. They have no title to the property itself. They acquire a right only to enforce the duty undertaken by the assignee: Twelves *v.* Williams, 3 Whart. 485; Jefferis's Appeal, 9 Casey 39; Fulton's

[Detwiler's Appeal.]

Estate, 1 P. F. Smith 204; Wright *v.* Wigton, 3 Norris 163; Morris's Appeal, 7 Id. 368.

The assignment on its face does not impose on the assignee any duty to let the real estate. It was liable at any time to be sold by virtue of executions on the judgment liens. Any attempted letting must have been for a time of uncertain duration. A lien-creditor could proceed at his will to sell the real estate. Other creditors on application to court could enforce a sale. In view of the fact that no creditor caused a sale to be made, the presumption is that no sale was desired while the value of real estate was so much depreciated.

It is contended that inasmuch as the thirty-fourth section of the Act of 16th June 1836, Purd. Dig. 782, vests the estate in the assignee, and makes it his duty to take possession of the property, if he fails so to do, he is liable to the creditors for an amount equal to the value of the rents. At first sight this section might produce such impression on the mind. In general terms it deals with all the property assigned and gives a right of possession. It then stops. It does not profess to declare or define the duties of the assignee after he has taken possession of the land. A previous section of the same act had already defined his duty to be " to convert the real and personal estate of such insolvent into cash:" Act of 16th June 1836, Purd. Dig. 780, pl. 32. Thus the manifest intent of the act is to give a power of sale not a power to let. The object of the assignment is to convert the property by sale, and not for the assignee to work the land or let it to others. His position is similar to that of an executor with a naked power of sale, yet we are not aware he has ever been held liable for rents not received. A creditor cannot rest on his rights, refrain from all action to induce a sale, and thus charge the assignee with rents which he never received. The learned judge therefore erred in surcharging the appellant with rents not received, and the decree must be modified accordingly.

And now it is ordered and decreed that the sum of $2935 be stricken from the sum adjudged to be in the hands of the appellant, and the residue, being $7487.03, be and hereby is adjudged and decreed to be the true sum due from him. So modified, the decree is affirmed. It is further ordered that the costs of this appeal be paid out of the fund.